**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINA ALEJANDRA GARCIA DE LAZO, <br><br>            Petitioner, <br><br>    v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>            Respondent. | No. 08-70787 <br><br> Agency No. A095-697-119 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

    Marina Alejandra Garcia de Lazo, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Garcia de Lazo does not contend before this court that she suffered past persecution. Substantial evidence supports the agency's finding that Garcia de Lazo failed to establish a well-founded fear of persecution because the extortion of her father was not on account of a protected ground. *See Elias-Zacarias*, 502 U.S. at 483; *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We do not consider Garcia de Lazo's contention that she is a member of a particular social group because she failed to raise that distinct claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, Garcia de Lazo's asylum claim fails.

Because Garcia de Lazo failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Garcia de Lazo failed to develop any argument regarding the agency's denial of CAT relief. Accordingly, she has waived the issue. *See Martinez-Serrano v.*

*INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Garcia de Lazo has not demonstrated that her due process rights were violated by the agency's consideration of the country conditions report. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2006) (petitioner must show error and prejudice to establish a due process violation); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003) (it is appropriate for the agency to determine which portions of a country report are relevant).

**PETITION FOR REVIEW DENIED.**